# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK EVANCHECK, et al.,

    Plaintiffs,

v.                                  Case No. 10-C-573

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.

## ORDER

Plaintiffs filed a complaint in state court alleging breach of contract and bad faith as a result of the Defendant's denial of benefit payments under an accidental death policy issued to Daniel Evancheck. The policy was issued pursuant to Evancheck's employment with Tyco International, Inc. The Defendant removed the case to federal court and filed a motion to dismiss on the grounds of ERISA preemption. It asserts that the state law claims are completely preempted by federal law under well-worn preemption principles established by the Supreme Court. Complete preemption means that "to the extent that Congress has displaced a plaintiff's state law claim, that intent informs the well-pleaded complaint rule, and a plaintiff's attempt to utilize the displaced state law is properly recharacterized as a complaint arising under federal law." *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1487 (7th Cir. 1996) (quoting *Rice v. Panchal,* 65 F.3d 637, 640 n. 2 (7th Cir. 1995)). Here, the Plaintiffs' breach of contract and bad faith claims are classic examples of claims that are preempted by ERISA.

One often misunderstood aspect of the complete preemption doctrine is that it serves to transform would-be state law claims into federal claims, which means that dismissal is not warranted if the true federal nature of the claims can be discerned from the complaint. After all, plaintiffs in federal court are not required to plead *law*, just facts. In *McDonald v. Household Intern., Inc.*, for example, the Seventh Circuit reversed a district court's dismissal of an action on the grounds of ERISA preemption because his pleadings sufficed to state a claim under ERISA even though they were described in the complaint as state law claims. 425 F.3d 424 (7th Cir. 2005).

Here, however, the Plaintiffs have not responded to the motion to dismiss and have not sought leave to amend. As such, although dismissal would not be warranted based on the Defendant's motion alone, it is not clear that the Plaintiffs wish to pursue an ERISA claim in federal court at all. Accordingly, although the motion to dismiss is **DENIED**, Plaintiffs are directed to inform the Court within 7 days of the date of this order whether they wish to proceed. Otherwise, the complaint will be dismissed without prejudice.

**SO ORDERED** this  22nd  day of October, 2010.

    s/William C. Griesbach
    William C. Griesbach
    United States District Judge